IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL JOSEPH SULLA, JR., GARY CHARLES ZAMBER, and RAJSESH P. BUDHABHATTI<br><br>Defendants. | CR. NO. 22-00058 JAO-KJM<br><br>ORDER DENYING DEFENDANT ZAMBER'S MOTION FOR RECONSIDERAION (ECF NO. 124) AND GRANTING MOTIONS TO JOIN (ECF NOS. 125, 126) |

**ORDER DENYING DEFENDANT ZAMBER'S MOTION FOR RECONSIDERATION (ECF NO. 124) AND GRANTING MOTIONS TO JOIN (ECF NOS. 125, 126)**

Before the Court is Defendant Gary Charles Zamber's ("Zamber") motion for reconsideration ("Motion") of the Court's order denying his motion to dismiss the indictment, *see* ECF Nos. 112 ("Order"), 73 ("Zamber's Motion to Dismiss"). For the following reasons, the Court DENIES the Motion.[1]

### I.   BACKGROUND

On August 4, 2022, the Grand Jury indicted Defendants Paul Joseph Sulla, Jr. ("Sulla"), Rajesh P. Budhabhatti ("Budhabhatti"), and Zamber (collectively,

---

[1] The Court GRANTS Sulla's and Budhabhatti's joinder motions. ECF Nos. 125, 126.

"Defendants") on one count of Conspiracy to Commit Honest Services Wire Fraud in violation of 18 U.S.C. § 1349 (Count 1), and nine counts of Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1346 (Counts 2-10).  ECF No. 11 ("Superseding Indictment").  Sulla is also charged with one count of Money Laundering in violation of 18 U.S.C. § 1956 (a)(1)(B)(i), predicated on the honest-services wire fraud charges (Count 11).  *Id*.  Defendants pled not guilty.  *See* ECF Nos. 28, 29, 30.

According to the Superseding Indictment, Defendants supplied bribes and kickbacks to Alan Scott Rudo ("Rudo"), not charged in the instant case, which deprived the County of Hawaiʻi ("County") and its citizens of their intangible rights to Rudo's honest services while he worked for the County's Office of Housing and Community Development as a Housing and Community Development Specialist.[2]  *See* ECF No. 11 at 5.

In October 2023, Defendants sought to dismiss or limit the scope of the Superseding Indictment.  *See* ECF Nos. 70-76.  Defendants primarily contended that the Superseding Indictment failed to state an offense, as the scheme alleged did not amount to anything more than self-dealing, which as a matter of law cannot

---

[2] The Court's Order, *see* ECF No. 112, provides a fuller factual background of the case.

constitute honest-services fraud.  *See* ECF No. 73.  The Government filed a consolidated response to the motions.  *See* ECF No. 89.

The Court heard argument on these motions on November 15, 2023, *see* ECF No. 111, and ultimately denied the motions to dismiss the indictment, *see* ECF No. 112.  In the Order, the Court emphasized that its decision was based on the procedural posture of the case and the exceedingly low bar to survive a motion to dismiss an indictment for failure to state an offense, especially where the Government has explicitly alleged the elements of the crimes charged.  *See* Fed. R. Crim. P. 12(b)(3)(v); ECF No. 112 at 8-13.  The Court also expressed its general agreement with Defendants that self-dealing alone cannot be honest-services fraud and that, without more evidence, "the scheme alleged here *may* not amount to more than self-dealing."  *See* ECF No. 112 at 16 (emphasis added).  To ensure clarity on the law going into trial, the Court ordered the parties to submit proposed jury instructions in April 2024, *see* ECF No. 112 at 13, several months before trial would begin in September 2024, *see* ECF No. 106 (scheduling order).

Zamber filed the instant Motion on the grounds that the Court made a "manifest error of law or fact," *see* ECF No. 124 at 7 (citing CrimLR60.1(c)), which Budhabhatti and Sulla moved to join, *see* ECF Nos. 125, 126.  The Court now decides the Motion without a hearing.

## II.  LEGAL STANDARD

The Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, but many courts—including the Ninth Circuit—have recognized that such motions are allowed in criminal cases. *See, e.g.*, *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit noted . . . , post-judgment motions for reconsideration may be filed in criminal cases."); *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases."); *United States v. Amezcua*, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015) (same), *aff'd*, 670 F. App'x 454 (9th Cir. 2016).

"[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *United States v. Williams*, 2019 WL 984273, at *3 (D. Haw. Feb. 28, 2019) (internal quotation and citation omitted). And "[i]n the Ninth Circuit a successful motion for reconsideration must . . . [(1)] demonstrate some reason why the Court should reconsider its prior decision . . . [and] [(2)] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (internal quotation and citation omitted). Under the Criminal Local Rules for the District of Hawaii, "[m]otions for reconsideration are disfavored" and parties "should not use motions for consideration to repeat

arguments previously raised." *See* CrimLR60.1. Instead, as relevant here, motions to reconsider may only be raised for "[m]anifest error of law or fact." *Id.* Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

### III.   DISCUSSION

The Court concludes that the Motion does not raise a manifest error of law or fact that warrants reconsideration. Zamber makes two central arguments. First, he contends that the facts in the Superseding Indictment are insufficient as a matter of law to state a crime of honest-services wire fraud. ECF No. 124 at 8. Citing *United States v. Cruikshank*, 92 U.S. 542 (1875), and its progeny, Zamber contends that the Court must decide whether the factual allegations are sufficient to state a crime and that, here, the Court erred by relying on inaccurate labels in the Superseding Indictment to conclude that the Government has stated sufficient facts—namely, by accepting the mislabeling of a mere self-dealing scheme as "bribes" and "kickbacks." ECF No. 124 at 8–15. Zamber argues further that the Court went outside "the four corners of the indictment," *United States v. Boren*,

5

278 F.3d 911, 914 (9th Cir. 2002), when it "ratified" the two prosecution theories presented by the Government at the hearing. ECF No. 124 at 13.

The Court is not persuaded. It did not, in fact, ratify either of the Government's theories; rather, it explained that one theory—that the money from the fraudulent companies constituted bribed and kickbacks—"is explicitly on the face of the Superseding Indictment" and that the second theory—that Rudo's ownership share of the companies was the bribe and the profits were the kickbacks—is at least arguably "implied by the Superseding Indictment's language." ECF No. 112 at 12. The Court is allowed—indeed, it is required—to read an indictment "to include facts which are necessarily implied." *United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009). In the Court's view, the facts supporting the Government's second theory are at least implied in the Superseding Indictment, though it remains unclear at this stage whether the Government has sufficient evidence to support them. But evidentiary sufficiency is not relevant: the Ninth Circuit has clearly instructed that "[a]n indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* (internal quotations and citations omitted). That standard being met, the Court declined to

dismiss the Superseding Indictment, ECF No. 112 at 12, and it declines to reconsider now.

Zamber's second argument, *see* ECF No. 124 at 15, is that the Court manifestly erred when it determined that the Superseding Indictment "unambiguously set[s] forth all elements necessary to constitute the offense." ECF No. 112 at 10 (citing *United States v. Milovanovic*, 678 F.3d 713, 726 (9th Cir. 2012) (en banc)). Zamber offers that the Court's list of six elements, drawn from *Milovanovic*, "does not present the elements of honest-services fraud in full; rather, [*Milovanovic*] defined six 'limitations' on an honest-services fraud charge." ECF No. 124 at 15 (citing *Milovanovic*, 678 F.3d at 726). The Court acknowledges that its list did not include two required elements in addition to the identified six: (1) a "scheme" to defraud; and (2) that the scheme consisted of "bribes" or "kickbacks." *See* 28 U.S.C. § 1346; Ninth Cir. Model Crim. Jury Instr. § 15.34 (2023 Ed.). But the Court extensively discussed the necessity of alleging a bribe or kickback (as defined by the Supreme Court) elsewhere in the Order, *see* ECF No. 112 at 15–17. And, in describing the two theories that the Government offered, the Court identified the allegations in the Superseding Indictment that either explicitly or implicitly alleged such bribes or kickbacks sufficiently for this stage of the

7

proceedings.[3] ECF No. 112 at 12–13. Again, the Court reiterates that under the lenient standards of a Rule 12(b)(3)(v) motion, an indictment need only "contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend," as well as be specific enough to avoid double-jeopardy concerns. *Lazarenko*, 564 F.3d at 1033; *see also* Fed. R. Crim. P. 12. Here, that standard is met as to both the "scheme" and "bribe or kickbacks" elements of honest-services fraud.

To the extent the instant Motion seeks to relitigate the issues raised in Zamber's Motion to Dismiss, that falls outside the purpose of a motion to reconsider. *See, e.g.*, *Sabatino*, 424 F. Supp. 2d at 1274.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion, ECF No. 124.

///

///

---

[3] For example, the Superseding Indictment alleges that "SULLA, ZAMBER, BUDHABHATTI and Rudo thereafter sold or transferred [property], and distributed the proceeds among themselves, with Rudo's share constituting bribes and kickbacks received in return for his official acts in obtaining the County's approval of the AHAs." ECF No. 11 at 8. While the most natural reading of that passage is that Rudo's share of the profits were the bribes and kickbacks, the Government urged that the word "share" should refer to Rudo's share in the companies provided by the Defendants and the word "profits" refers to the kickbacks from that corrupt exchange. At this stage, the Court concluded that was at least a plausible implication in the facts as alleged. ECF No. 112 at 12-13.

IT IS SO ORDERED.

Dated: Honolulu, Hawaiʻi, December 15, 2023.

Jill A. Otake
United States District Judge

---

*United States v. Paul Joseph Sulla, et al.*, Crim. No. 22-00058 JAO-KJM; ORDER DENYING DEFENDANT ZAMBER'S MOTION FOR RECONSIDERATION (ECF NO. 124) AND GRANTING MOTIONS TO JOIN (ECF NOS. 125, 126)